IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARTIN MURPHY and <br> STAY LAKE GENEVA, INC. <br><br> Plaintiffs, <br> COUNTY OF WALWORTH, WISCONSIN, <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. 18-cv-659 <br> ) <br> ) <br> ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Now Come Plaintiffs, Martin Murphy and Stay Lake Geneva, Inc., and in support of their complaint against the Defendant, County of Walworth, Wisconsin, state:

**THE PARTIES**

1. Plaintiff, Martin Murphy, is a resident and citizen of the Town of Geneva, County of Walworth, State of Wisconsin and an owner of Stay Lake Geneva, Inc.

2. Plaintiff, Stay Lake Geneva, Inc., is a Wisconsin corporation, with its principal place of business in the Town of Geneva, County of Walworth, State of Wisconsin.

3. Defendant is the County of Walworth, State of Wisconsin.

**JURISDICTION AND VENUE**

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**FACTS COMMON TO ALL COUNTS**

7. Plaintiff lives at, and the corporation's principal place of business is, W4232 West End Road, Town of Geneva, Wisconsin.

8. Plaintiffs have an ownership interest in four single family homes in the Town of Geneva, County of Walworth, State of Wisconsin namely W4106 W End Road, W4110 W End Road, W4177 W End Road and W4232 W End Road. .

9. Three of the homes (W4106, W4110, W4177) are zoned R-1 residential and one home (W4232) is zoned commercial.

10. The four homes mentioned above are all rented to single families for occupancy of thirty days or less, and as such are considered "short term rentals."

11. On April 19, 2018, The Walworth County Board passed ORDINANCE NO. 1099. A true and correct copy of the ordinance is attached as Exhibit A hereto.

12. The ordinance requires the owner of a short term rental to "keep a registry of the party responsible for securing the rental including their name, address, phone number, dates of stay, and number of occupants in the party." Ordinance at § 26-342.

13. It also requires that the registry be made available upon request by the Department. *Id.*

14. The punishment for failing to make the registry available upon demand is revocation of the license. Ordinance at § 26-345.

15. The ordinance does not provide any opportunity for judicial review of the reasonableness of any demand.

16. If the County is not enjoined from enforcing its Ordinance No. 1099, Plaintiffs will be irreparably damaged in the amount of the cost of the license fees and the unconstitutional deprivation of their right to own and operate their property free of unconstitutional restraints.

**COUNT I**
**(Declaratory Judgment/ Injunction – Fourth Amendment)**

- 2 -

Case 2:18-cv-00659-JPS   Filed 04/25/18   Page 2 of 6   Document 1

17. For paragraphs 1-16 of Count I, plaintiff re-alleges paragraphs 1-16 of the complaint as though set forth fully herein.

18. The Fourth Amendment protects the right of the people to be secure in their "persons, houses, papers, and effects" against unreasonable searches and seizures. U.S. Const. amend. IV.

19. A search occurs for Fourth Amendment purposes when the government physically intrudes upon one of these enumerated areas, or invades a protected privacy interest, for the purpose of obtaining information. *Patel v. City of Los Angeles*, 738 F. 3d 1058, 1061 (9th Cir. 2013) citing United States v. Jones, 565 U.S. 400, 132 S.Ct. 945, 949-51, 181 L.Ed.2d 911 (2012);

20. The nonconsensual inspection of guest records authorized under Walworth County Ordinance No. 1099 at § 26-342 is a Fourth Amendment "search" because the guest records covered by §26-342 are the owner's "private property" and the owner therefore "has the right to exclude others from prying into the[ir] contents." *Los Angeles v. Patel,* 576 U.S. \_\_\_\_ (2015).

21. Under *Patel,* § 26-345 is facially unconstitutional as it authorizes inspections of guest records without affording an opportunity to obtain judicial review of the reasonableness of the demand prior to suffering penalties for refusing to comply. *Id.*

Wherefore, Plaintiff is asking that this Honorable Court declare Walworth County Ordinance No. 1099 unconstitutional under the Fourth Amendment to the U.S. Constitution and enjoin Walworth County from enforcing the Ordinance.

### COUNT II
### (Declaratory Judgment - Fourteenth Amendment/ Equal Protection Violation)

22. For paragraphs 1-21 of Count II, plaintiff re-alleges paragraphs 1-21 of Count I of the complaint as though set forth fully herein.

23. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall `deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (citing *Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982)).

24. The County's short-term rental Ordinance No. 1099 only applies to single family residential properties that are rented out for 30 days or less and does not apply to other single family homes rented out for more than 30 days even though the properties are used identically as a single-family residence.

25. Thus, the ordinance applies to the economic use of the property as opposed to the physical use.

26. By treating rentals of more than thirty days differently than rentals of less than thirty days, the County is treating owners similarly situated in a different manner.

27. Contrary to the purpose stated in Ordinance No. 1099, the County is unfairly targeting owners of certain properties because several of the County Board members do not like short term rentals.

28. Accordingly, the County acting under the color of law, is treating owners of certain single family residences differently than the other owners of like single family homes.

29. There is no rational basis for Ordinance No. 1099 and it should be declared unconstitutional under the Equal Protection Clause of the Fourteenth Amendment.

Wherefore, , Plaintiff asks that this Honorable Court declare Walworth County Ordinance No. 1099 unconstitutional under the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution and enjoin Walworth County from enforcing the Ordinance.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiffs, Martin Murphy and Stay Lake Geneva, Inc., respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, Town of Geneva, Wisconsin, as follows:

a. Declare the Walworth County Ordinance No. 1099 unconstitutional under the Fourth and Fourteenth Amendments to the United States Constitution;

b. Permanently enjoin the County from threatening or enforcing Ordinance No. 1099;

c. Award Plaintiff compensatory damages in such other sum as the Court deems just and fair;

d. Award Plaintiffs their costs of suit plus a reasonable attorney fee; and

e. Grant such other relief as this Court deems just and fair.

                                            Respectfully submitted,
                                            Martin Murphy and Stay Lake Geneva, Inc.

                                            By: s/ Martin J. Murphy

Martin Murphy
Law Office of Martin J. Murphy
1222 W Arthur Ave.
Chicago, IL 60626

(312) 933-3200
mjm@law-murphy.com